Upon the petition of Edythe Miller, administratrix of Frederick Miller, deceased, the orphans court on June 29th, 1934, ordered Linton S. Marshall, executor of John Seipel, deceased, to "file an inventory of said decedent's estate and state and file his executor's account within ten days." The propriety of that order is the subject of this appeal.
In the petition it was alleged that the petitioner-administratrix recovered a judgment in the New Jersey supreme court against the executor for $1,792.27 on November 22d 1933; that the judgment is unpaid and that the executor failed and neglected to file an inventory and to state and settle his account. Upon the petition an order to show cause issued against the executor, and on the return day the order was made. So far as it appears from the record sent up, the allegations of the petition stood undenied before the orphans *Page 240 
court and the order to show cause was uncontested. Upon that record the judge of the orphans court properly ordered the executor to file his inventory and to state his account, and the judgment is affirmed and the record will be remitted.
In the petition of appeal, the appellant sets up that the petitioner-administratrix was not a creditor of the estate, that she had not, as administratrix, filed her claim within the time allowed by an order of the surrogate, and that by his decree her claim had been barred; that the appellant was then contesting her judgment in the court of errors and appeals and that the orphans court should not have taken cognizance of her petition until the appellate court had decided the question. There is nothing before this court to sustain the allegations of the petition of appeal, and it does not appear that the matter was presented to the orphans court, where, we think, it should have been presented to influence the court in staying its hand. Counsel for the appellant enclosed with his brief a copy of the opinion of the court of appeals in Miller, Adm'r, v. Marshall, Ex'r,113 N.J. Law 420. It is not for us to look into that opinion on this hearing. It might have been stipulated that the facts there set out should be the state of the case, but that has not been done. We have, however, read the opinion. The judgment recovered by the administratrix was reversed, not on the ground that she was not a creditor in fact, but that she, as administratrix, was barred from suing the executor for failure to present her claim within the time limited by the rule of the surrogate and by his decree barring creditors. The suit had originally been brought by Mrs. Miller individually on a claim, timely presented, for services rendered by her to her father, the deceased. At the trial it was objected that the services were rendered as the wife of Frederick Miller, deceased, while a member of his household. Thereupon Mrs. Miller had herself appointed administratrix of her husband's estate and served upon the executor a claim for the services running to her as administratrix. The trial court permitted her to add an additional count to the complaint as administratrix *Page 241 
and upon it entered judgment. The appellate court reversed, not on the merits, but because of the bar of the surrogate's decree.
While it is true that the administratrix has no right of action at law against the executor of the estate, she nevertheless has a claim upon the assets remaining upon the settlement of the estate in the orderly course, under sections 72, 73 and 74 of the Orphans Court act. Her claim as administratrix, though presented out of time and denied by the court of appeals as a ground for action against the executor, nevertheless must be paid by the executor if he has assets remaining. The method of determining that question is to rule the executor to file his inventory and account. Although the administratrix was not a judgment creditor, as it now turns out, she was a common creditor and as such has a status to move the orphans court to compel the executor to discharge the duties of his office.
From statements made by counsel at the hearing it would appear that the claim by the administratrix was rejected. The statute provides a method for establishing a belated claim. If the right of the administratrix is in dispute and is being litigated, the orphans court should stay the order which is now affirmed and remitted. *Page 242